# Exhibit A

# SUPERIOR COURT OF WHITFIELD COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
WHITFIELD COUNTY, GEORGIA
**22CI00393**
**CINDY MORRIS**
**APR 05, 2022 08:52 AM**

*Babs Bailey*
Babs Bailey, Clerk
Whitfield County, Georgia

CIVIL ACTION NUMBER  22CI00393

Collins, Travis Lee

**PLAINTIFF**

**VS.**

Brinker Georgia Inc, DBA Chili's Grill and Bar

**DEFENDANT**

## SUMMONS

TO: BRINKER GEORGIA INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **D Seth Holliday**
> **McMahan Law Firm LLC**
> **700 S Thornton Avenue**
> **PO Box 1607**
> **Dalton, Georgia 30722**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of April, 2022.**

Clerk of Superior Court

*Babs Bailey*
Babs Bailey, Clerk
Whitfield County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
WHITFIELD COUNTY, GEORGIA

**22CI00393**

CINDY MORRIS
APR 05, 2022 08:52 AM

Babs Bailey, Clerk
Whitfield County, Georgia

# IN THE SUPERIOR COURT OF WHITFIELD COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TRAVIS LEE COLLINS, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No._____ |
| | : | |
| v. | : | JURY DEMANDED |
| | : | |
| BRINKER GEORGIA, INC., d/b/a | : | |
| CHILI'S GRILL AND BAR, | : | |
| Defendant. | : | |

## COMPLAINT

**COMES NOW** the Plaintiff, Travis Lee Collins, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' violations of the provisions of the Georgia Dram Shop Act, O.C.G.A. § 51-1-40, and Georgia common law negligence:

## NATURE OF THE CASE

1. This is an action for personal injury, pain and suffering, and emotional pain and suffering, and all other damages suffered by the Plaintiff and proximately caused by the Defendant.

2. The Defendant, who owns and operates Chili's Grill & Bar at 881 Holiday Inn Drive, Dalton, Georgia 30720, willfully, knowingly, and unlawfully sold, furnished, or served alcohol to Halei Cheyenne Turner, knowing that she would soon be driving a vehicle.

1

3. Further, the Defendant knowingly sold, furnished, or served alcohol to Halei Cheyenne Turner when she was in a state of noticeable intoxication and knowing she would soon be driving a vehicle.

4. As a proximate cause of Defendant's tortious acts and omissions, Halei Cheyenne Turner was involved in a vicious car accident with Sara Nicole Creech, which killed Halei Cheyenne Turner and grievously injured Sara Nicole Creech and her passenger, Plaintiff Travis Lee Collins.

5. This is an action to recover for the injuries caused by Defendant's tortious acts and omissions.

## JURISDICTION AND VENUE

6. Plaintiff Travis Lee Collins is domiciled in the City of Tunnel Hill, County of Whitfield, State of Georgia.

7. Defendant Brinker Georgia, Inc., is a corporation organized under the laws of the state of Virginia with its principal office located in Dallas, Texas, and may be served with process via its Georgia registered agent, The Prentice Hall Corp System, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

8. All events forming the factual basis of this action occurred within Whitfield County, Georgia.

9. The medical expense portion of Plaintiff's damage claim is $307,761.58.

## PARTIES

10. Plaintiff, Travis Collins (hereinafter "Plaintiff"), was at all relevant times a resident of the City of Tunnel Hill, County of Whitfield, State of Georgia.

11. Defendant Brinker Georgia, Inc., is a Virginia foreign profit corporation that owns, develops, operates and/or franchises Chili's Grill & Bar and Maggiano's Little Italy restaurant chains, with its principal office address as 3000 Olympus Boulevard, Dallas, Texas 75019-6511, is authorized to do business in Georgia, and which maintains as its registered agent The Prentice Hall Corp System, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092, where it may be served with process.

12. Defendant Brinker Georgia, Inc., owns and/or operates Chili's Grill & Bar, which is a restaurant and bar located at 881 Holiday Inn Drive, Dalton, Georgia 30720.

## FACTS

13. On or about May 5, 2020, at approximately 8:30 p.m., Sara Nicole Creech was driving her vehicle, a gray 2014 Nissan Maxima, westbound on GA 2 approaching a location approximately .4 miles east of Lee Bryant Road in Whitfield County, Georgia.

14. Ms. Creech was accompanied in her vehicle by an acquaintance, Plaintiff Travis Lee Collins, who occupied the front right passenger seat with a fastened seatbelt.

15. GA 2 in the area of the collision is an asphalt two-lane state route that is oriented east to west.

16. The posted speed limit was 55 MPH for both directions of travel.

17. The roadway is a curve on a grade for both directions of travel.

18. The lanes are divided by a double-yellow centerline.

19. At or about this same date and time, May 5, 2020, at approximately 8:30 p.m., Halei Cheyenne Turner was operating her vehicle, a blue 2005 Toyota 4Runner, eastbound on GA 2, approaching the same location.

20. Ms. Turner was driving her vehicle with a blood alcohol concentration of 0.17, which is more than twice the legal limit of 0.08.

21. Halei Cheyenne Turner failed to maintain her lane, traveled across the centerline while negotiating a curve, and the front of the Toyota 4Runer struck the front of the Nissan Maxima in the westbound lane of GA 2 at a location approximately .4 miles east of Lee Bryant Road in Whitfield County, Georgia.

22. Plaintiff Travis Lee Collins was not negligent in any way that contributed to the collision.

23. After impact, the Toyota 4Runner traveled approximately 30 feet prior to colliding with and going over the guardrail on the south shoulder of GA 2.

24. The 4Runner traveled approximately 25-30 feet down the embankment before colliding with and coming to rest against a tree, facing east.

25. The driver of the Toyota 4Runner was ejected after the 4Runner struck the guardrail and said driver traveled approximately 40 feet east before striking a tree.

26. Halei Cheyenne Turner was pronounced dead at the scene by a coroner.

27. The Nissan Maxima traveled approximately 35 feet after impact, coming to rest on the centerline facing northwest.

28. Both vehicles came to an uncontrolled final rest.

29. The roadway had no contributing factors in this collision.

30. As a result of an extensive investigation of the Georgia State Patrol and its Specialized Collision Reconstruction Team, the collision was found to be the result of Ms. Turner driving with a blood alcohol concentration of 0.17 and failing to maintain her lane.

31. On May 5, 2020, Chili's Grill & Bar located at 881 Holiday Inn Drive, Dalton, Georgia 30720, was a restaurant and bar which sold, furnished, and served alcoholic beverages.

5

32. Defendant Brinker Georgia, Inc., owned and/or operated said Chili's Grill & Bar.

33. Shortly prior to the collision, Ms. Turner was served alcohol at Chili's Bar & Grill in violation of Georgia law.

34. Defendant, through its employees/agents operating within the course and scope of their employment/agency, willfully, knowingly, and unlawfully sold, furnished, or served alcohol to Ms. Turner, knowing that she would soon be driving a vehicle. This is a violation of O.C.G.A. § 51-1-40.

35. In addition, shortly prior to the collision, the Defendant knowingly sold, furnished, or served alcohol to Ms. Turner when she was in a state of noticeable intoxication and knowing she would soon be driving a vehicle. This was another violation of O.C.G.A. § 51-1-40.

36. Furthermore, upon information and belief, Defendant, through its employees/agents operating within the course and scope of their employment/agency, orchestrated Ms. Turner's use of alcohol as part of its business model and for Defendant's profitability.

37. Alternatively, Defendant, operating through its employees and agents, were negligent and negligent per se in supplying Ms. Turner with alcohol at its facility.

38. These acts and omissions of Defendant proximately resulted in the collision and injuries to Plaintiff Travis Lee Collins.

39. As a result of the collision Plaintiff Travis Lee Collins was severely injured, physically and emotionally, necessitating a month of hospitalization and incurring over $307,761.58 in medical expenses, itemized below:

    a. Hamilton EMS: $2,220.00

    b. Erlanger: $287,885.67

    c. Tennessee River Physicians: $2,186.00

    d. Tennessee Interventional and Imaging: $2,837.91

    e. BEH STICU/Trauma Unit Physicians: $12,149.00

    f. EMG Orthopedics: $483.00

40. Plaintiff Travis Lee Collins' injuries included severely comminuted transverse left acetabular fracture (a break in the socket portion of the "ball-and-socket" hip joint) with comminution of the posterior wall and ischial spine, open fracture of distal end of left radius (the larger of the two bones of the forearm), closed fracture of the sternum, bilateral carotid artery dissection, left third and fourth rib fractures, left sixth through eighth rib fractures, retroperitoneal hemorrhage, with multiple surgical interventions.

41. In the future, Plaintiff will continue to incur additional medical, rehabilitation, and related expenses, and he will continue to incur such expenses for the rest of his life.

## COUNT I: LIABILITY PURSUANT TO THE GEORGIA DRAM SHOP ACT, O.C.G.A. § 51-1-40

42. Plaintiff incorporates the preceding paragraphs 1 through 41 of the Complaint as if full restated herein verbatim.

43. The Georgia Dram Shop Act, O.C.G.A. § 51-1-40, provides that a restaurant and bar such as Chili's Grill & Bar, which sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, is legally responsible for injuries that are proximately caused by the restaurant and bar's actions.

44. The acts and omissions of Defendant constitute violations of the Georgia Dram Shop Act, O.C.G.A. § 51-1-40.

45. These violations proximately caused the injuries to Plaintiff Travis Lee Collins.

## COUNT II: NEGLIGENCE

46. Plaintiff incorporates the preceding paragraphs 1 through 45 of the Complaint as if full restated herein verbatim.

8

47. Under Georgia law and the provisions of the Dram Shop Act, Defendant had a duty to use reasonable care to detect noticeably intoxicated people and avoid furnishing them with alcoholic beverages if such people would soon be driving a motor vehicle.

48. Defendant breached this duty of care on May 5, 2020, including but not limited to the following acts and omissions:

   a. Defendant failed to adequately train its employees in detecting whether another person was intoxicated; and,

   b. Defendant failed to adopt appropriate and reasonable procedures to detect intoxication.

49. The acts and omissions of Defendant constitute negligence under Georgia law which negligence proximately caused the injuries to Plaintiff Travis Lee Collins.

### COUNT III: PUNITIVE DAMAGES

50. Plaintiff incorporates the preceding paragraphs 1 through 49 of the Complaint as if full restated herein verbatim.

51. The acts and omissions of the Defendant constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences

thereby allowing the Plaintiff to recover punitive damages from the Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant him the following relief in this case:

1. That process issue and be served upon the Defendant and that it be required to appear and respond to this Complaint within the time required by law;

2. That a jury be impaneled to try the issues when joined;

3. That the Plaintiff be awarded money judgment for his losses against the Defendant in an amount to be determined by the enlightened conscience of fair and impartial jurors;

4. That judgment be entered in Plaintiff's favor and against Defendant for damages in an amount that fairly and adequately compensates him for personal injury, pain and suffering, emotional pain and suffering, medical expenses in the amount of $307,761.58 incurred in connection with his injuries, lost personal property, and other reasonable and necessary expenses;

5. That judgment be entered against the Defendant for punitive damages in an amount sufficient to deter the same or similar conduct in the future;

6. That Plaintiff be awarded reasonable attorney's fees, costs, and other expenses of litigation; and,

7. That Plaintiff be awarded such further and other relief both legal and equitable, including pre-judgement interest, to which he may be entitled and as justice may demand.

Dated this 5th day of April, 2022.

> BY: */s/D. Seth Holliday*
> D. SETH HOLLIDAY, ESQ.
> Georgia Bar No.: 426951
> **MCMAHAN LAW FIRM, LLC**
> 700 S. Thornton Avenue
> P.O. Box 1607
> Dalton, Georgia 30722
> (706) 217-6118
> sholliday@mcmahanfirm.com
>
> *Attorneys for Plaintiff*